**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
      *Plaintiff-Appellee,*

v.                                          No. 98-4769

WILLIAM JACKIE PEARSON,
      *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Shelby.
Lacy H. Thornburg, District Judge.
(CR-98-15)

Submitted: June 27, 2002

Decided: July 26, 2002

Before WIDENER, LUTTIG, and WILLIAMS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, D. Scott Broyles, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

William Jackie Pearson was convicted after pleading guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C.A. § 841(a)(1) (West 1999). He now argues that his sentence of 264 months in prison violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000). We affirm Pearson's conviction and sentence.

Because Pearson did not raise his *Apprendi* claim in the district court, our review is for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993). In order to demonstrate plain error, a defendant must show that an error occurred, that it was plain, and that the error affected his substantial rights. *Id.* at 732. If he can satisfy these requirements, we should not exercise our discretion to correct the error "unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

Pearson's indictment did not charge a specific amount of drugs. Under *Apprendi*, he therefore was subject to a sentence of only 240 months in prison, and his 264-month sentence constituted plain error. *See United States v. Cotton*, 122 S. Ct. 1781, 1785 (2002).

We need not decide, however, whether the 264-month sentence affected Pearson's substantial rights. Pearson stipulated in his plea agreement and at his Fed. R. Crim. P. 11 hearing that he was responsible for at least 500 grams and not more than 1.5 kilograms of crack cocaine. Further, Pearson did not object to the factual basis of the plea, which stated that he was responsible for the stipulated amount of crack. The evidence that Pearson was accountable for at least 500 grams but less than 1.5 kilograms of crack was thus overwhelming and uncontroverted and, in accordance with *Cotton*, we decline to exercise our discretion to correct the *Apprendi* error. *See Cotton*, 122 S. Ct. at 1785-86.

We affirm Pearson's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. The motion to dismiss the appeal is denied as moot.

*AFFIRMED*